J. Andrew Coombs (SBN 123881)
andy@coombspc.com
Annie S. Wang (SBN 243027)
annie@coombspc.com
J. Andrew Coombs, A P. C.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

JS-6

Attorneys for Plaintiff
Deckers Outdoor Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deckers Outdoor Corporation,<br><br>    Plaintiff,<br> v.<br><br>Alexis McKelvey a/k/a Alexis Zahner; David Grindle; Tracy Kelley; Kelley Boutiques, LLC; Kaossurf, LLC d/b/a Kaos Surf; Nicholas Cavarocchi and Does 1 – 10, inclusive,<br><br>    Defendants. | Case No. CV09-2659 R (AJWx)<br><br>JUDGMENT PURSUANT TO ENTRY OF DEFAULT |

  This cause having come before this Court on the motion of Plaintiff Deckers Outdoor Corporation ("Plaintiff") for entry of default judgment and a permanent injunction against Defendants Alexis McKelvey a/k/a Alexis Zahner and David Grindle (collectively "Defendants");

  AND, the Court having read and considered the pleadings, declarations and exhibits on file in this matter and having reviewed such evidence as was presented in support of Plaintiff's Motion;

  AND, GOOD CAUSE APPEARING THEREFORE, the Court finds the following facts:

  Plaintiff owns or controls the pertinent rights in and to the following trademarks (collectively the "Deckers Trademarks"):

/ / /

| Trademark | Registration Number | Registration Date |
|---|---|---|
| UGG | 3,050,925 | January 24, 2006 |
| Sun Logo | 2,314,853 | February 1, 2000 |

All of the Deckers Trademarks are current and in full force and effect.

As a direct result of Plaintiff's longstanding use, sales, advertising and marketing, the Deckers Trademarks have acquired secondary and distinctive meaning among the public who have come to identify the Deckers Trademarks with Plaintiff and its products. Many of the marks have become incontestable pursuant to 15 U.S.C. § 1065.

Defendants engage in the purchase, distribution, offering for sale and/or sale of counterfeit and/or infringing footwear bearing the Deckers Trademarks to the general public.

Defendants in this action are sellers of branded, counterfeit footwear through the Internet, including but not necessarily limited to the websites and accounts under www.kaelinskloset.com and www.uggsinstyle.com. Through such active manufacturing, purchasing, distributing, offering of sale and selling of unlicensed and counterfeit footwear, Plaintiff is irreparably damaged through consumer confusion, dilution and tarnishment of its valuable trademarks.

Defendants have caused to be imported, distributed, offered for sale and sold footwear bearing one or more of the Deckers Trademarks without the authorization of Plaintiff. Defendants purchase, distribute, offer for sale and sell footwear and related merchandise bearing the Deckers Trademarks in California and in interstate commerce. Defendants have and are likely to cause confusion, deception and mistake as to the source and origin of the footwear and related merchandise in that the buying public may conclude that the products sold by Defendants are authorized, sponsored, approved or associated with the Plaintiff.

Defendants' use in commerce of the Deckers Trademarks in the sale of footwear and related merchandise is an infringement of Plaintiff's registered trademarks in violation of 15 U.S.C. §§ 1114(1) and 1125.

Defendants have profited from their unlawful activities. Unless Defendants' conduct is enjoined, Plaintiff and its goodwill and reputation will continue to suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages. Accordingly, Plaintiff seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

Defendants committed the acts alleged in the Complaint intentionally, fraudulently, maliciously, willfully, wantonly and oppressively with the intent to injure Plaintiff and its business.

The liability of the Defendants in the above-referenced action for their acts in violation of Plaintiff's rights is knowing and willful, and as such, the Court expressly finds that there is no just reason for delay in entering the default judgment and permanent injunction sought herein.

Therefore, based upon the foregoing facts, and

GOOD CAUSE APPEARING THEREFORE, THE COURT ORDERS that this Judgment shall be and is hereby entered in the within action as follows:

1) This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., as well as 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331.

2) Service of process was properly made on the Defendants.

3) Defendants have made unauthorized uses of the Deckers Trademarks or substantially similar likenesses or colorable imitations thereof.

4) Defendants and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of the Injunction are hereby restrained and enjoined from:

     a)    Infringing any of the Deckers Trademarks, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling and/or offering for sale any unauthorized product which features any of the Deckers Trademarks ("Unauthorized Products"), and, specifically from:

          i)    Importing, manufacturing, distributing, advertising, selling and/or offering for sale the Unauthorized Products or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of the Deckers Trademarks;

          ii)    Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of the Deckers Trademarks;

          iii)    Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe, the actions of Defendants, the products sold by Defendants, or Defendants themselves are connected with Plaintiff, are sponsored, approved or licensed by Plaintiff, or are affiliated with Plaintiff;

          iv)    Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiff.

5)    Defendants are ordered to deliver for destruction all Unauthorized Products, including footwear, and labels, signs, prints, packages, dyes, wrappers, receptacles and

advertisements relating thereto in their possession or under their control bearing any of Deckers Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same.

6) Defendants are ordered to pay damages to Plaintiff pursuant to 15 U.S.C. § 1117 in the sum of Two Hundred Thousand Dollars ($200,000.00).

7) Defendants are ordered to pay interest on the principal amount of the judgment to Plaintiff at the statutory rate pursuant to 28 U.S.C. §1961(a).

8) This Judgment shall be deemed to have been served upon Defendants at the time of its execution by the Court.

9) The Court finds there is no just reason for delay in entering this Judgment and, pursuant to Fed. R. Civ. P. 54(a), the Court directs immediate entry of this Judgment against Defendants.

10) The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Judgment.

DATED: March 01, 2010

_____
Hon. Manuel L. Real
United States District Judge

PRESENTED BY:
J. Andrew Coombs, A Prof. Corporation

By: \_\_\_/s/ Annie S. Wang\_\_\_\_\_
     J. Andrew Coombs
     Annie S. Wang
Attorneys for Plaintiff Deckers Outdoor Corporation

Deckers v. McKelvey, et al.: Proposed Judgment Pursuant to Default     - 5 -